UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL ROBINSON,

Petitioner,                                   Case Number 2:20-CV-11370
                                              HONORABLE VICTORIA A. ROBERTS
v.                                            UNITED STATES DISTRICT JUDGE

DUANE BURTON,

    Respondent.
_____/

**OPINION AND ORDER TRANSFERRING THE SUCCESSIVE PETITION FOR A WRIT OF HABEAS CORPUS TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Darryl Robinson, ("Petitioner") confined at the Richard A. Handlon Correctional Facility in Ionia, Michigan. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1983 conviction in the Muskegon County Circuit Court for second-degree murder.

This petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3); the case is transferred to the Court of Appeals so that Petitioner may obtain permission to file a successive petition for a writ.

**I. Background**

The Court dismissed Petitioner's original petition for a writ of habeas corpus challenging this conviction, because it was time-barred under the Antiterrorism and Effective Death Penalty Act's (AEDPA) one year statute of limitations contained

in 28 U.S.C. § 2244(b)(3)(A). *See Robinson v. Luoma*, No. 2:05-CV-196 (W.D. Mich. Jan. 4, 2006). The United States Court of Appeals for the Sixth Circuit denied Petitioner permission to file a successive habeas petition. *See In Re Robinson,* No. 08-2520 (6th Cir. Aug. 19, 2009); *In Re Robinson,* No. 09-1769, 09-1942, 09-2463 (6th Cir. July 8, 2010); *In Re Robinson,* No. 13-2023 (6th Cir. Feb. 18, 2014); *In Re Robinson,* No. 16-1335 (6th Cir. Sep. 23, 2016); *In Re Robinson,* No. 19-1307 (6th Cir. Sep. 5, 2019).

## II. Discussion

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Without this preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without §

2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

The dismissal of Petitioner's prior habeas petition based on his failure to comply with the AEDPA's one-year statute of limitations is considered an adjudication on the merits that renders the current petition "second or successive" for the purpose of § 2244(b), with respect to this judgment. *See In re Rains,* 659 F.3d 1274, 1275 (10th Cir. 2011); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009)(per curiam); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik*, 337 F.3d 764, 765 (7th Cir. 2003)(per curiam); Cf. *In Re Cook,* 215 F.3d 606, 607-08 (6th Cir. 2000)(when petitioner's first habeas application was dismissed for procedural default arising from failure to exhaust state remedies where the statute of limitations had run on those remedies, the dismissal was "on the merits," and the petitioner's later habeas application was "second or successive," for purposes of § 2244(b)).

Accordingly, the Court orders the Clerk of Court to transfer this habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

### III. ORDER

3

The Clerk must transfer this petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

           **s/ Victoria A. Roberts**
           **HON. VICTORIA A. ROBERTS**
           **UNITED STATES DISTRICT JUDGE**

**DATED: 7/16/2020**